STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA 90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
350 West 1st Street, Los Angeles, CA 90012

| | |
|---|---|
| CARLOS MARTINEZ SOMOZA,<br><br>Plaintiff,<br><br>-vs.-<br><br>J. SERGIO RIOS GUTIERREZ, DOES 1-10,<br><br>Defendants. | **No. 2:17-cv-2251**<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW;**<br>**3. UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 *et seq.;***<br>**4. FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500 *et seq.*;**<br>**5. INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**<br>**6. CANCELLATION OF REGISTRATION OF MARK;**<br>**7. ACCOUNTING;**<br>**8. TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carlos Martinez Somoza brings this action against defendants J. Sergio Rios Gutierrez and Does 1-10 for (1) injunctive relief and damages for unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) cancellation of trademark registration; (3) injunctive relief and damages for violation of California state common trademark law; (4) unfair competition under California Business and Professions Code § 17200 *et seq*.; (5) false advertising under California Business and Professions Code § 17500 *et seq*.; (6) interference with prospective business advantage under California common law; and (7) for accounting, as hereinafter alleged:

## JURISDICTION AND VENUE

1. These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq*., and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Bus. & Prof. Code §§ 17500 *et seq*. This Court has original jurisdiction over the subject matter of the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts. 15 U.S.C. §§ 1501 *et seq*.

2. This Court has specific personal jurisdiction over all of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3. Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District and/or that a substantial part of the

events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4. Plaintiff Carlos Martinez Somoza is a resident of Ventura County, California.

5. Defendant J. Sergio Rios Gutierrez is a resident of Los Angeles County, California

6. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 10 are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek to amend this complaint to allege the true names and capacities of said defendants when Plaintiff has ascertained such information. Plaintiff is informed and believes that each defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reason thereof.

7. Plaintiff is informed and believes that defendants DOES 1-10 are individual musicians who perform in connection with the named defendants who engage in the wrongful conduct alleged below.

## GENERAL ALLEGATIONS

8. Plaintiff and his fellow group members started the musical group “La Migra” in Mexico at least as early as 1975. Plaintiff moved to the United States where he continued using the name “La Migra” in commerce in connection with service, namely live performances of a musical group, and goods, namely sound recordings, since 1983. Over the course of its musical career, the musical group “La Migra” has recorded 16 albums and has toured extensively throughout Mexico and the United States.

9. Since coming to the United States and using the name “La Migra” in connection with the goods and services of his musical group, plaintiff Carlos Martinez Somoza has exclusively and continuously used the name and mark LA

MIGRA in connection with the goods and services of his group.

10. Plaintiff Carlos Martinez Somoza has filed to register the mark LA MIGRA with the United States Patent and Trademark Office.

11. Recently, plaintiff became aware that an upstart group was using an essentially identical name, i.e. “Grupo La Migra” (“La Migra Group” in English), to the name used by plaintiff in connection with goods and services of a musical group. Plaintiff discovered that defendant J. Sergio Rios Gutierrez registered the name with the United States Patent and Trademark Office, Reg. No. 4, 607,981, showing a date of first use of the mark in 2007 with a date of first use of the mark in commerce of November 2007, over two decades after plaintiff began to use the mark LA MIGRA in commerce in the United States.

12. Defendant J. Sergio Rios Gutierrez’s application to register the “Grupo La Migra” mark demonstrates that defendant’s stratagem is to pass his musical group off as the more famous and well known “La Migra” musical group that belongs to plaintiff, and thus reap the rewards brought about by confusing the public.

## CONFUSION CAUSED BY DEFENDANTS

13. Plaintiff has been informed of repeated instances in which defendant’s musical group is advertised as “Grupo La Migra,” and when such advertisements appear in radio spots, plaintiff’s name is combined with music from plaintiff’s catalog of hit songs.

14. The conduct of defendants, and those acting in concert and connection with defendants, has led to instances of actual confusion, either unintentionally on the part of the promoter of an event or intentionally where the aim is to profit from practicing fraud on the public using the name, logo and picture of plaintiff to advertise defendant’s musical group.

15. Plaintiff is informed and believes that defendants have scheduled other performances in California and elsewhere in the United States, where they are

using plaintiff's mark "La Migra" to advertise defendants' group and performances.

16. Even when defendants use their purported mark "Grupo La Migra" to advertise the services of their musical group, such uses causes confusion since the name is essentially identical to plaintiff's "La Migra" mark.

17. Plaintiff is informed and believes, and based on such information and belief allege, that as a result of the wrongful conduct of defendants and each of them, unscrupulous promoters and venue operators are taking advantage of defendants' usurpation of plaintiff's "La Migra" mark to mislead consumers into believing that plaintiff's musical group is the one scheduled to perform.

## FIRST CLAIM FOR RELIEF

## (FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

18. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

19. This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

20. Plaintiff is the founder and owner of the musical group "La Migra" as well as the senior user of the "La Migra" word mark in connection with goods, namely phonorecords, and services in the nature of live performances of a musical group. Plaintiff has used the "La Migra" mark in commerce in connection with such goods and services continuously since at least as early as 1983.

21. Plaintiff Carlos Martinez Somoza has applied to register the "La Migra" mark with the USPTO.

22. None of the defendants named in this action have any claim of ownership or colorable right to utilize the name "La Migra" in connection with the goods or services of a musical group.

23. The mark "La Migra" is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection. *See Fortune Dynamic,*

*Inc. v. Victoria's Secret Stores Brand Management, Inc.,* 618 F.3d 1025, 1033 (9th Cir. 2010).

24. Plaintiff's "La Migra" mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for over thirty (30) years.

25. The mark adopted by defendants, i.e. "Grupo La Migra," is essentially identical to plaintiff's mark, since the descriptive term "Grupo" ("Group" in English) describes a musical group and does nothing to differentiate defendant's musical group from plaintiff's.

26. The channels of trade in which the plaintiff's musical group "La Migra" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendant now attempts to promote his competing musical group using the same "La Migra" name that Plaintiff has used in connection with their musical group for over three decades.

27. There is a strong probability of likelihood of confusion arising from defendants' use of plaintiff's "La Migra" mark in connection with defendants' products and services. Not only are defendants using plaintiff's mark to advertise defendants' services, in addition their actions have caused at least one promoter—and likely more—to utilize plaintiff's likeness in advertising the services of defendants' group.

28. The actions of defendants, as alleged herein, have caused and stand to cause substantial damage to plaintiff's reputation and mark.

29. The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

30. Defendants' acts of unfair competition are willful and deliberate and performed with the intent to reap the benefit of plaintiff's name, goodwill and reputation.

31. By reason of defendants' acts of false designation, description and representation, as alleged above, Plaintiff has suffered, and will continue to suffer, substantial damage to their business reputation and goodwill, as well as loss of profits in an amount not yet ascertained.

32. Defendants' actions of false designation, description and representation, as alleged above, have caused plaintiff irreparable injury, and defendants threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for injuries inflicted and threatened by defendants.

## SECOND CLAIM FOR RELIEF

## (STATE TRADEMARK INFRINGEMENT)

33. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

34. Defendants' acts complained of herein constitute trademark infringement under the common law of California.

35. Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in a loss of revenue to plaintiff in an amount to be determined.

36. Defendants' acts complained of herein constitute malice, oppression and/or fraud, thus entitling plaintiff to recover punitive damages.

## THIRD CLAIM FOR RELIEF

## (UNFAIR COMPETITION—CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*)

37. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

38. The acts and conduct of defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as

defined by California Bus. & Prof. Code § 17200 *et seq.*

39. Defendants' violation of federal law [15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business practice.

40. Defendants' acts of unfair competition have proximately caused and will continue to cause plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial. Defendants' acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiff and to plaintiff's LA MIGRA mark and trade name and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 *ET SEQ*.)

41. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

42. Plaintiff alleges based upon information and belief that in engaging the acts described above defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendants' goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

43. By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiff in an amount to be proven at trial.

44. If defendants are permitted to proceed with the acts as aforesaid,

plaintiff will continue to be irreparably injured by reason of defendants' false advertising.

45. If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiff will sustain serious and irreparable injury. Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully. Unless preliminarily and permanently enjoined by this Court, Plaintiff is informed and believes and therefore allege that there is a substantial possibility and threat of ongoing false advertisement by defendants for which Plaintiff is without an adequate remedy at law.

46. In addition, defendants' acts, if allowed to proceed and continue, will cause sales of plaintiff's goods and services to be lost or substantially diminished in value, and may require plaintiff to prepare and publish corrective advertising to ameliorate confusion caused by defendants' actions, all to plaintiff's damage in an as yet unascertained amount. Plaintiff is informed and believes, and therefore allege, that defendants' acts may also result in substantial profits to defendants, to which defendants are not entitled.

## FIFTH CLAIM FOR RELIEF
## (INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)

47. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

48. This claim for relief arises under the common law of the State of California and is alleged against all defendants.

49. Defendants and each of them, through their actions, have interfered with the prospective business advantage of plaintiff by interfering with the right of plaintiff to exploit and benefit commercially from plaintiff's LA MIGRA mark and the goodwill of the business of plaintiff's musical group.

50. Plaintiff has been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be determined.

51. The aforementioned acts of defendants were and are willful, oppressive and malicious. Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SIXTH CLAIM FOR RELIEF

## (CANCELLATION OF REGISTRATION)

52. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

53. Plaintiff is entitled to cancellation of defendants' GRUPO LA MIGRA trademark as Plaintiff has priority of use of the LA MIGRA mark and trade name in connection with the same or similar goods and services in the same channels of trade, and there is a likelihood of confusion caused by defendants' use of their registered mark. Defendants' intent in choosing a mark that is confusingly similar to plaintiff's mark is highly relevant to the issue of confusion.

54. Defendants' registered mark falsely suggests a connection with plaintiff's musical group and the goods and services thereof. Defendants' actions demonstrate that the false suggestion is intentional.

55. Defendants' registration of the GRUPO LA MIGRA mark was obtained through fraud in that defendants knew, as demonstrated by the specimen of use submitted in connection with their registration, that plaintiff's owned and used the LA MIGRA mark, defendants stated in their application for registration that no other person was using an identical or confusingly similar mark, and such statements were used to induce the USPTO to issue the registration of defendants' purported mark, causing damage to plaintiff's occasioned by defendants' use of the registration of defendants' purported mark as cover for infringing on plaintiff's mark, causing confusion amongst members of the consuming public in the relevant marketplace, and deceiving purchasers of the goods and services of defendants'

goods and services.

56. Plaintiff has been damaged by the false statements and registration issued to defendants' herein, and plaintiff's continued use of his LA MIGRA mark will be impaired by the continued registration of the mark.

## SEVENTH CLAIM FOR RELIEF

## (ACCOUNTING)

57. This claim for relief arises under the common law of the State of California and is alleged against all defendants.

58. Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which represent a misappropriation of monies from plaintiff. The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendants and each of them. The amount of damages, profits and interest owing to plaintiff from defendants cannot be ascertained without an accounting by defendants and each of them.

59. Defendants and each of them have also benefited economically from the usurpation of plaintiff's trade name and mark without accounting to plaintiff for the income and profits realized by defendants and each of them as a result of such activities.

60. Plaintiff hereby demands, and is entitled to, an accounting of all monies received by defendants and each of them from their use of plaintiff's mark and trade name.

## EIGHTH CLAIM FOR RELIEF

## (TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

61. Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

62. The continuing wrongful acts of defendants herein have harmed and

continue to harm the interest of plaintiff in the use of the name and mark "LA MIGRA." If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name "La Migra" and other confusingly similar terms, including without limitation "Grupo La Migra," in connection with the goods and services of defendants' musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1. For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a) using the LA MIGRA mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name "La Migra," including without limitation "Grupo La Migra," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiff's or not authorized by plaintiff to be sold in connection with each of said marks and name;

(b) contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as "La Migra" or any confusingly similar or colorable imitation of the "La Migra" name, including without limitation "Grupo La Migra";

(c) using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored

by, authorized by, licensed by, or in any other way associated with plaintiff;

(d) engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name;

(e) doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

(f) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3. That the Court order the cancellation of trademark Reg. No. 4,607,981 with the United States Patent and Trademark Office;

4. For an accounting of all monies received by defendants from their activities in connection with the use of the name "La Migra" or any other term that includes the name "La Migra," including "Grupo La Migra";

5. That the Court order defendants to pay to plaintiff both the costs of this action and the reasonable attorneys' fees incurred by plaintiff in prosecuting this action; and

6. That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: March 22, 2017

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by a jury.

Dated: March 22, 2017

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiff